IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RONALD ALLEN and JUSTIN EZRA JONES | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-0033 |
| | ) | |
| BILL HOLT | ) | |

**TO: Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 5, 2018 (Docket Entry No. 6), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 18) filed by Defendant Bill Holt. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

Ronald Allen, Jr., ("Allen") and Justin Ezra Jones ("Jones") filed this *pro se* and *in forma pauperis* lawsuit on January 9, 2018, against Bill Holt ("Holt"), the Sheriff of Robertson County, Tennessee. *See* Complaint (Docket Entry No. 1). At the time the lawsuit was filed, both Plaintiffs were confined at the Robertson County Detention Center ("Detention Center") as pretrial detainees.[1]

---

[1] Jones is still confined at the Detention Center. However, Allen was transferred to the custody of the Tennessee Department of Correction on June 4, 2018. *See* Declaration of Tony Crawford (Docket Entry No. 20) at ¶¶ 3-4.

Plaintiffs seek injunctive and monetary relief under 42 U.S.C. § 1983 for violations of their civil rights alleged to have occurred during their confinement at the Detention Center. Although Plaintiffs brought several claims based on different allegations of wrongdoing, the Court dismissed all but one claim upon conducting an initial frivolity review of the complaint under 28 U.S.C. § 1915(e)(2). *See* Memorandum and Order entered April 5, 2018 (Docket Entry Nos. 5 and 6). The sole remaining claim is a claim that Plaintiffs' constitutional rights have been violated because they were deprived of the opportunity for outdoor recreation and exercise. In a pleading that is somewhat sparse in terms of factual allegations, Plaintiffs allege "no outside recreational time at all, no fresh air" and that they "have not had any outside rec[reation]" since being incarcerated at the Detention Center on October 7, 2017. *See* Complaint at 5.

Defendant, who is sued in only his official capacity, filed an answer denying the allegations of constitutional wrongdoing. *See* Docket Entry No. 14. Pursuant to a scheduling order, the parties were given a period for pretrial activity, including a period for discovery. *See* Docket Entry No. 15. Subsequent to the expiration of the scheduling order deadlines, Plaintiff Jones filed several motions,[2] which the undersigned has addressed in a contemporaneously entered order.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant moves for the entry of summary judgment in his favor under Rule 56 of the Federal Rules of Civil Procedure. He argues that the undisputed evidence shows that Plaintiffs' constitutional rights regarding access to outdoor recreation at the Detention Center have not been

---

[2] Motion to amend (Docket Entry No. 30); Motion for appointment of counsel (Docket Entry No. 31); Motion for a subpoena (Docket Entry No. 32); Motion for a subpoena (Docket Entry No. 36); and Motion for production of documents (Docket Entry No. 39).

2

violated. In support of his motion, Defendant relies upon the declaration of Anthony Crawford, who is the Jail Administrator at the Detention Center (Docket Entry No. 20), and a statement of undisputed material facts (Docket Entry No. 21).

Defendant asserts that the Detention Center has two outdoor recreation areas which are used by inmates pursuant to a written policy, Policy 12.06, on a rotating basis as weather and staffing levels allow. *See* Declaration of Crawford at ¶ 5. Defendant asserts that the sign-in log for outdoor recreation shows that Plaintiff Allen had outdoor recreation on March 16, 2018, and May 14, 2018, and that Plaintiff Jones had outdoor recreation on October 17, 2018, but that he refused outdoor recreation on March 2, 2018, June 28, 2018, August 23, 2018, September 5 and 20, 2018. *Id*. at ¶¶ 6-7. Defendant also asserts that inmates are permitted to leave their cells to go to the indoor day room/recreation area for their housing units for between 1-14 hours a day, depending on the inmate's restriction status, and that inmates may engage in basic exercise type activities in these areas. *Id*. at ¶¶ 8-10. Finally, Defendant contends that Plaintiffs have not sought medical treatment for any physical or mental illness, injury, or condition that was caused by being denied access to sunlight or outdoor exercise and that Plaintiffs have not been diagnosed with any type of medical condition related to the lack of outdoor exercise. *Id*. at ¶¶ 11-12.

Plaintiff Jones opposes the motion. *See* Docket Entry Nos. 25-27. In support of his response in opposition, he has submitted his own affidavit (Docket Entry No. 27 at 8-11), as well as affidavits from six current or former inmates at the Detention Center who state that their opportunities for outdoor recreation and exercise have either been limited or non-existent. *See* Docket Entry No. 27 at 12-17. Plaintiff Allen has not responded to the motion for summary judgment.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Federal Rules of Civil Procedure.  *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial."  *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000).  The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion."  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party.  *Anderson*, at 249-50.  "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint."  *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991).  *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).

## IV. APPLICABLE CONSTITUTIONAL STANDARDS

A. Conditions of Confinement

Although Defendant does not address the issue in his motion, Plaintiffs assert in their complaint that they were confined at the Detention Center as pretrial detainees, not as convicted inmates. As pretrial detainees, Plaintiffs' constitutional rights at issue arise from the Due Process Clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015); *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008).

In the context of a conditions of confinement claim, a pretrial detainee is entitled to be free from conditions that amount to "punishment," or that otherwise violate the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). While the Eighth Amendment does not directly apply to a pretrial detainee's claim, Eighth Amendment standards are applicable to determining whether a constitutional violation has occurred. *See Thompson v. Cty. of Medina, Oh.*, 29 F.3d 238, 242 (6th Cir. 1994). The Eighth Amendment requires that prison officials house inmates in conditions that conform to the minimal civilized measure of life's necessities. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

Although "[t]he Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being," *Jones v. Stine*, 843 F.Supp. 1186, 1193 (W.D.Mich. 1994) (citing *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985)), there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners. *See Argue v. Hofmeyer*, 80 Fed.App'x 427, 430 (6th Cir. 2003) (observing

5

that the Sixth Circuit has never set a minimum amount of outdoor time for inmates). The Sixth Circuit has held simply that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

B. Official Capacity Claim

Because Defendant Holt is sued in only his official capacity as the Sheriff of Robertson County, the claim against him is treated as an action against Robertson County itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Therefore, Plaintiffs must demonstrate that the alleged violation of their constitutional rights resulted from acts representing an official policy or custom adopted by Robertson County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245–46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

Plaintiffs must show (1) that they have suffered harm because of a constitutional violation and (2) that a policy or custom of Robertson County caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). This requires Plaintiffs to identify the policy, connect the policy to Robertson County itself, and show that the harm they suffered occurred because of the execution of that policy. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994).

## V. ANALYSIS

A. Plaintiff Allen

Defendant filed his motion on October 29, 2018. Plaintiff Allen failed to respond to the motion within the 21 day response period provided by Local Rule 56.01(a). Nonetheless, the Court *sua sponte* extended the response deadline to January 21, 2019. *See* Order entered December 17, 2018 (Docket Entry No. 29). Plaintiff Allen was specifically warned that his failure to file a timely response may result in the dismissal of his claim. *Id*. Despite the additional time to respond, Plaintiff Allen has not filed a response. Under Local Rule 7.01(a)(3), Plaintiff Allen's failure to respond to the motion deems the motion to be unopposed by him. Additionally, Local Rule 56.01(f) requires him to respond to Defendant's statement of material facts and deems the asserted facts to be undisputed because of his failure to respond.

Furthermore, and more significantly, in the face of Defendant's properly supported and argued motion for summary judgment, Plaintiff Allen must respond with some measure of affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 324; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff Allen's failure to respond in any manner to the pending motion for summary judgment, his failure to address the arguments for summary judgment made by Defendant, and his failure to provide any measure of probative evidence supporting his claim warrants granting summary judgment in favor of Defendant Holt as to Plaintiff Allen's claim.

B. Plaintiff Jones

In contrast to Plaintiff Allen, Plaintiff Jones has set forth evidence and arguments opposing the motion for summary judgment. Jones points out that Defendant's own evidence shows that approximately five months passed after he entered the Detention Center on October 7, 2017, before he was offered his first opportunity for outdoor recreation and exercise on March 2, 2018. Jones disputes the assertion that he refused outdoor recreation on March 2 and on four other dates, contending that inmates are required to wear leg shackles in order to go to outdoor recreation but that he was unable to wear shackles on the five days in question because he was wearing a large knee brace from February to September 2018 while recovering from knee surgery. *See* Plaintiff's Affidavit at ¶¶ 1-3. Jones further contends that the day room/recreation areas at the Detention Center do not provide practical opportunities for exercise because of a lack of space in those areas when other inmates are also in the areas and, further, that these areas do not provide a source of natural sunlight. *Id*. at ¶¶ 8-10. Jones asserts that he has gained approximately 68 pounds since being confined at the Detention Center and has been put on medication and a special diet for high blood pressure and high cholesterol, all conditions which he attributes to the lack of outdoor recreation. *Id*. at ¶ 11. He also asserts that he suffers from the mental health issues of manic depression, PTSD, bi-polar, and ADD that these issues have been detrimentally affected by the lack of outdoor recreation and exercise. *Id*. at ¶ 13. In addition to his own affidavit, Plaintiff submits affidavits from other Detention Center inmates who detail their own experiences with limited outdoor recreation and exercise opportunities. *See* Docket Entry No. 27 at 12-17.

As noted *supra* at Section IV.A, the applicable law within the Sixth Circuit does not provide clear guideposts as to the scope of a confined inmate's constitutional right to be taken outside for

recreation and exercise. Given the state of the relevant law, the Court views the evidence presented by the *pro se* plaintiff as sufficient to present genuine issues of material fact that rebut the motion for summary judgment at this stage of the proceedings. Summary judgment is, therefore, not appropriate. *See Madden v. Piper*, 2017 WL 3584216 at *4 (W.D. Ky. Aug. 18, 2017) (denying summary judgment on inmate's claim of a lack of recreation in light of conflicting evidence). Plaintiff Jones has presented evidence that could reasonably be viewed by a jury as supporting a showing of a constitutional violation. He has also presented evidence that could reasonably be viewed by a jury as showing harm caused by the purported violation and showing a link between the alleged constitutional violation and an official policy of Robertson County.[3]

The undisputed evidence before the Court presents a picture of extremely limited opportunities for inmates at the Detention Center to be taken outside for recreation or exercise. Defendant's own evidence shows that Plaintiff Jones had outdoor recreation or exercise a single time, on October 17, 2018, from the date he entered the Detention Center on October 7, 2017, to the date the motion for summary judgment was filed on October 29, 2018. The affidavits of other inmates confined at the Detention Center also evidence limited or non-existent opportunities for outdoor recreation and exercise. While Defendant Holt contends that additional opportunities for outdoor exercise and recreation were provided to Plaintiff Jones but were refused, Jones asserts that these opportunities were not in fact refused by him, but were opportunities that were functionally not available because of his inability to wear shackles due to wearing a leg brace at the time.

---

[3] Plaintiff Jones' submission of competent evidence supporting his claim significantly distinguishes the instant case from *Kizer v. Robertson Cty., Tennessee*, 2018 WL 2164557 (M.D. Tenn. May 10, 2018) (Crenshaw, J.), a case in which summary judgment was granted in favor of Robertson County defendants based on claims brought by three inmates that outdoor recreation was denied at the Detention Center for lengthy periods of time.

Plaintiff Jones also presents evidence in the form of his own affidavit of what he asserts are detrimental effects caused by the lack of outdoor recreation and exercise: (1) a significant weight gain while at the Detention Center; (2) high blood pressure and high cholesterol that necessitate medication and a special diet; and, (3) a worsening of his mental health conditions while at the Detention Center. While he has not presented supporting medical evidence linking any of these conditions to the lack of outdoor recreation and exercise opportunities, his *pro se* and lay evidence is not so self-serving or fanciful that it can be disregarded. At this stage of the proceedings, his evidence is sufficient to raise a genuine issue about actual physical harm caused by the alleged constitutional deprivation.[4] In this respect, the instant case differs significantly from several of the cases cited by Defendant in support of its motion for summary judgment. Finally, the undisputed evidence before the Court shows that the minimal opportunities for Defendant Jones to have outdoor exercise and recreation at the Detention Center are the direct result of an official policy of Robertson County; either (1) the policy of providing outdoor exercise and recreation as "weather and staffing allow" or (2) the unwritten policy of requiring inmates to wear shackles in order to take outdoor exercise and recreation.

The evidentiary record before the Court is simply not so one-sided that it requires the Court to conclude that Defendant Holt is entitled to summary judgment as a matter of law on Plaintiff Jones' claim. Plaintiff Jones, a pre-trial detainee, was taken outside a single time in the span of more than a year. Whether or not this amounts to the type of total or near-total deprivation of outdoor

---

[4] The Court notes that three of the pending motions filed by Plaintiff Jones are motions seeking the production of medical records or the issuance of subpoenas for his medical records. *See* Docket Entry Nos. 32, 36, and 39.

exercise and recreation that objectively rises to the level of a constitutional violation cannot be determined based upon the record that is before the Court at this time. Likewise, whether this deprivation resulted from deliberate indifference or was instead justified by legitimate penological needs cannot be determined based upon the record that is presently before the Court. Defendant sets out a multitude of duties that are performed by correctional officers at the Detention Center and argues that "there are some days that the [Detention Center] is not able to provide its inmates with access to the outdoor recreation areas" due to the officers' need to perform these other duties. *See* Docket Entry No. 19 at 14. The Court does not doubt that correctional officers at the Detention Center are busy. However, this is not a case involving short term deprivations of outdoor exercise or recreation opportunities. In this respect, the instant case differs significantly from several of the cases cited by Defendant in support of its motion for summary judgment. The instant case involves allegations of months long deprivations, and it is undisputed that Plaintiff Jones went approximately one year at the Detention Center before actually receiving outdoor recreation and exercise.

**RECOMMENDATION**

Based on the forgoing, the undersigned respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 18) filed by Defendant Bill Holt be:

1) GRANTED as to the claim of Plaintiff Ronald Allen and that this claim be DISMISSED WITH PREJUDICE; and

2) DENIED with respect to the claim of Plaintiff Justin Jones.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge